Battle, J.
 

 The statute of limitations, upon which the defendants rely as a bar to the plaintiff’s right of redemption, enacts that, when a mortgagor of personal property shall fail to perform the conditions of the mortgage for the space of two years from the time of performance specified in it, or shall omit for that period after the forfeiture of the mortgage, to file a bill, claiming the equitable right to redeem, such mortgagor shall be forever barred of all claim in Equity to such personal property. 1 Rev. Stat. ch. 65, sec. 19; Rev. Code, ch. 65, sec. 16. In the case of
 
 Bailey
 
 v.
 
 Carter, 7
 
 Ire. Eq. Rep. 282, it was held that this statute “ applied to a light of redemption arising by a construction of a Court of Equity, and the time must be computed from the accruing of the right to sue.” "Whether the present is to be regarded as the case
 
 *349
 
 of an express mortgage, or as one arising by construction of the Court of Equity, is immaterial; for it is clear that in either case the time of performance cannot he brought down to a more recent date than the time of the sale of the slaves by the constable in the year 1841; for, after that time, the bill itself states that the defendant Sabra Council always insisted that she would retain said slaves, as she had bought them at the sale made as aforesaid by John G-. Sutton, but that she was willing to pay a fair price for them, if the price paid at the said sale was not their fair value; and that when the plaintiff several times afterwards offered to redeem the slaves, she always replied that “ she wished to keep the said slaves,” and that the plaintiff could buy others in their stead. The bill was not filed until the year 1855, so that it is clear the plaintiff has lost his right of redemption, unless some transaction has taken place between the parties to revive it. The plaintiff contends that the agreement in writing to submit to arbitration the matters in controversy between the parties in relation to the mortgage entered into in 1854, does have the effect to displace the bar of the statute, and thereby revive his right of redemption. Without deciding, or even intimating an opinion, whether a distinct written acknowledgment of the mortgage as still subsisting, would have the operation contended for by the plaintiff, wo hold, very decidedly, that the instrument referred to does not recognise the mortgage as still existing and binding between the parties. It does indeed state that there had been a mortgage, but it states also.that the slaves had been sold by a constable, and purchased by the defendant Sabra; and then it sets forth that the parties agree to refer the matters in dispute between them, in relation to the mortgage, &c., to arbitration. Now, what was the matter in dispute in relation to the mortgage ? Clearly, that after the sale in 1841, the plaintiff claimed the right to redeem the slaves and the defendants denied it. The agreement to submit that dispute to arbitration certainly cannot have the effect to acknowledge the plaintiff’s right to redeem ; for, if it does.
 
 *350
 
 then the defendant Sahra gave up her cause the moment she agreed to appoint judges to decide upon it.
 

 "Whether the plaintiff can have any relief upon the written contract to refer the matter to arbitration, is not a question now before us. We are clearly satisfied that his equity to redeem the slaves is barred. The demurrer must he sustained and the hill dismissed.
 

 Pee. CuRiam. ' Decree accordingly.